JEFF SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiff HPEV, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HPEV, INC., a Nevada corporation, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| SPIRIT BEAR LIMITED, a Delaware corporation; JAY PALMER; CARRIE ANN DWYER; and DONICA HOLT, | |
| Defendants. | |

Plaintiff HPEV, INC., by and through its undersigned counsel, for its Complaint against defendants SPIRIT BEAR LIMITED, JAY PALMER, CARRIE ANN DWYER and DONICA HOLT (collectively, "Defendants"), complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At the time this action was commenced, the citizenship of HPEV was diverse from that of Defendants. Specifically,

   a. HPEV is now, and was at all times relevant hereto, a Nevada corporation authorized to do business in Nevada and with its principal place of business in Wesley Chapel, Florida.

b. Upon information and belief, Spirit Bear is now, and was at all times relevant hereto, a Delaware corporation with its principal place of business in New York, New York.

c. Upon information and belief, Palmer is now, and was at all times relevant hereto, a citizen of and domiciled in New York.

d. Upon information and belief, Dwyer is now, and was at all times relevant hereto, a citizen of and domiciled in Missouri.

e. Upon information and belief, Holt is now, and was at all times relevant hereto, a citizen of and domiciled in Missouri.

2. HPEV alleges an amount in controversy of actual and additional damages exceeding $75,000.00, exclusive of attorneys' fees, interest and costs.

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between HPEV and Defendants and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

4. This Court has personal jurisdiction over each of the Defendants because they purposefully availed themselves of the protections of the laws of this jurisdiction.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6. HPEV's Board currently is comprised of six directors, three of whom are designated by Spirit Bear.

7. The three HPEV Directors designated by Spirit Bear include defendants Palmer, Holt and Dwyer.

8. On or around February 20, 2013, HPEV approved Board resolutions, including the appointment of two Spirit Bear Directors, executive compensation based on specific milestones and authorization of a capital raise through issuance of debt or equity (collectively, the "Resolutions").

9. Defendants alleged numerous allegations against HPEV based on the Resolutions.

10. As a result of Defendants' allegations concerning the Resolutions, on April 12, 2013, HPEV and Spirit Bear entered into a settlement agreement ("Settlement Agreement"), pursuant to which Spirit Bear executed (1) a specific release of its prior allegations against HPEV, which included claims relating to anti-dilution concerns and providing compensation to HPEV management, and (2) a broad claims release, which included a release of all known and unknown claims against HPEV.

11. The release in the Settlement Agreement expressly provides that Spirit Bear unconditionally releases HPEV "from any and all . . . causes of actions . . . whether presently known or unknown . . . which Spirit Bear and/or any of the Releasors ever had until the date hereof for, upon, or by reason of any matter . . . against [HPEV] with respect to the Allegations."

12. Spirit Bear's release of HPEV further provides that "its release hereunder is intended to include in its effect, without limitation, all Claims which have arisen and of which it knows, does not know [or] should have known . . . including, without limitation, any Claims relating directly or indirectly to [HPEV], including, without limitation any and all actions which have been or could have been brought against [HPEV] as a result of the Securities Purchase Agreement, and that this Agreement extinguishes all such Allegations."

13. On May 2, 2013, in their capacities as Directors of HPEV, Palmer, Holt and Dwyer expressly approved the filing of HPEV's proposed Form 10-K/A, which identified HPEV's payment of executive compensation.

14. HPEV has potential accredited investors interested in investing the capital permitted under the Resolutions and desires to execute definitive agreements relating to same. HPEV scheduled multiple Board conference calls to discuss such opportunities to raise capital, but Palmer, Dwyer, and Holt refused and/or failed to attend those meetings.

15. Notwithstanding the duly authorized February 2013 Resolutions, Spirit Bear's waiver of claims pursuant to the April 2013 Settlement Agreement and the approval of executive compensation by three Directors nominated by Spirit Bear, Defendants object to HPEV's attempts to raise capital through the issuance of debt or equity and pay executive compensation.

16. Specifically, on August 16, 2013, Spirit Bear and Palmer directed correspondence to HPEV, pursuant to which Spirit Bear accused HPEV of raising money in violation of the Resolutions and Spirit Bear and Palmer demanded that HPEV cease and desist from issuing debt or equity and from paying certain executive compensation.

17. On August 22, 2013, Spirit Bear filed a Schedule 13D with the United States Securities and Exchange Commission, in which Spirit Bear makes several inaccurate statements that have damaged HPEV.

18. As a direct and proximate result of the acts and omissions alleged herein, it has become necessary for HPEV to retain the services of attorneys to prosecute this Complaint, and HPEV therefore is entitled to recover its attorneys' fees and costs incurred herein.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

19. HPEV hereby incorporates by this reference the allegations contained in all of the preceding paragraphs as if fully set forth herein.

20. Upon information and belief, an actual, ripe and justiciable controversy exists between the parties regarding Defendants' objection to HPEV's rights and duties to implement its business plan consistent with the Resolutions, including by raising capital through the issuance of debt or equity and pay executive compensation.

21. HPEV is entitled to a judicial declaration that: (1) the Resolutions and Settlement Agreement are valid and enforceable; (2) Defendants are bound by the provisions set forth therein; (3) HPEV is authorized to raise capital through the issuance of debt or equity up to $3.2 million; (4) HPEV is authorized to pay executive compensation pursuant to the Resolutions; (5) pursuant to the Settlement Agreement, Defendants waived any claims against HPEV relating to any matters encompassed by the terms of the Resolutions; and (6) pursuant to the Settlement Agreement, Defendants waived any claims against HPEV relating to its payment of executive compensation.

22.    As a direct and proximate result of the acts and omissions alleged herein, it has become necessary for HPEV to retain the services of attorneys to prosecute this Complaint, and HPEV therefore is entitled to recover its attorneys' fees and costs incurred herein.

### SECOND CAUSE OF ACTION
### (Intentional Interference With Prospective Economic Advantage)

23.    HPEV hereby incorporates by this reference the allegations contained in all of the preceding paragraphs as if fully set forth herein.

24.    At all times relevant hereto, HPEV has had prospective contractual relations with accredited investors on an ongoing basis.

25.    By virtue of Defendants' participation on HPEV's Board of Directors and knowledge of HPEV's business plan, Defendants knew of HPEV's prospective contractual relations with accredited investors.

26.    By publicly filing false statements concerning HPEV in their Schedule 13D and demanding that HPEV cease and desist in its proper and authorized attempts to raise capital with an accredited investor through the issuance of debt or equity, Defendants have interfered with HPEV's prospective economic advantage with accredited investors and caused such prospective investors to re-consider their potential investment in HPEV.

27.    Defendants' acts of intentional interference as described herein have harmed HPEV's business relationships and negatively impacted its implementation of its business plan.

28.    This interference with HPEV's business relationships will continue to the irreparable injury of HPEV, unless the Court declares the Resolutions valid, HPEV's actions authorized, and Defendants' claims waived under the Settlement Agreement.

29.    Defendants were not privileged or justified in taking such actions or in promoting their own financial gain to the detriment of HPEV's prospective economic advantage.

30.    As a result of Defendants' misconduct, actual disruption and harm to HPEV's prospective contracts with accredited investors has occurred.

31.    As a direct and proximate result of Defendants' misconduct, HPEV has suffered damages based on the lost capital infusions.

32.  As a direct and proximate result of Defendants' acts and omissions as set forth herein, HPEV has been injured in an amount in excess of $75,000.

33.  As a direct and proximate result of the acts and omissions alleged herein, it has become necessary for HPEV to retain the services of attorneys to prosecute this Complaint, and HPEV therefore is entitled to recover its attorneys' fees and costs incurred herein.

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty – Palmer, Dwyer & Holt)

34.  HPEV hereby incorporates by this reference the allegations contained in all of the preceding paragraphs as if fully set forth herein.

35.  As directors of HPEV, Palmer, Holt and Dwyer each owe HPEV a fiduciary duty to protect HPEV's interests.

36.  By virtue of the acts and omissions of Palmer, Holt and Dwyer including, but not limited to those specifically described herein, Palmer, Holt and Dwyer breached their fiduciary duties to HPEV by, among other things, authorizing and/or effectuating Spirit Bear's public filing of its August 2013 Schedule 13D, which contains numerous inaccurate statements of HPEV's actions and which improperly seeks to prevent HPEV from implementing authorized actions, all of which contravenes HPEV's business interests.

37.  As a direct and proximate result of the acts and omissions by Palmer, Holt & Dwyer as set forth herein, HPEV has been injured in an amount in excess of $75,000.

38.  As a direct and proximate result of the acts and omissions by Palmer, Holt & Dwyer alleged herein, it has become necessary for HPEV to retain the services of attorneys to prosecute this Complaint, and HPEV therefore is entitled to recover its attorneys' fees and costs incurred herein

WHEREFORE, HPEV prays for relief as follows:

1.  For a declaration that: (1) the Resolutions and Settlement Agreement are valid and enforceable; (2) Defendants are bound by the provisions set forth therein; (3) HPEV is authorized to raise capital through the issuance of debt or equity up to $3.2 million; (4) HPEV is authorized to pay executive compensation; (5) pursuant to the Settlement Agreement, Defendants waived

1  any claims against HPEV relating to any matters encompassed by the terms of the Resolutions;
2  and (6) pursuant to the Settlement Agreement, Defendants waived any claims against HPEV
3  relating to its payment of executive compensation.

4    2.    For an award of compensatory damages in an amount to be determined at trial,
5  including general, special, consequential and resulting damages;

6    3.    For an award of pre-judgment and post-judgment interest on the amounts found
7  owing to HPEV, from the date such amount became due, at the highest rate allowed by law, as
8  applicable;

9    4.    For an award of attorneys' fees pursuant to contract or law, as applicable;

10   5.    For costs and expenses incurred herein; and

11   6.    For such other and further relief as the Court deems just and proper under the
12  circumstances.

13  DATED this 27th day of August, 2013.

McDONALD CARANO WILSON LLP

By: _____
JEFF SILVESTRI, ESQ. (#5779)
JOSEPHINE BINETTI McPEAK, ESQ. (#7994)
2300 W. Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

*Attorneys for Plaintiff HPEV, Inc.*

::LVDOCS\285766