UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HPEV, Inc., a Nevada corporation, )<br>)<br>　　　　　　　　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>SPIRIT BEAR LIMITED, a Delaware corporation, )<br>JAY PALMER, CARRIE ANN DWYER and )<br>DONICA HOLT )<br>　　　　　　　　　　　Defendants. )<br>_____ ) | Case No. 2:13-cv-01548-GMN-GWF<br><br>**FINDINGS & RECOMMENDATIONS**<br><br>**Re: Petition by HPEV, Inc. Director Jay Palmer for Writ to Allow Him to Inspect the Company's Books and Records (#11)** |

　　　　This matter is before the Court on the Petition by HPEV, Inc. Director Jay Palmer for Writ to Allow Him to Inspect the Company's Books and Records (#11), filed on September 16, 2013. Plaintiff HPEV, Inc. filed its Opposition to the Petition (#17) on September 24, 2013, and Petitioner Palmer filed his Reply in Support of the Petition (#21) on September 26, 2013. The Court conducted a hearing on the Petition on September 30, 2013.

**BACKGROUND**

　　　　On August 27, 2013, Plaintiff HPEV, Inc. filed the above entitled action against Spirit Bear, Ltd, Jay Palmer, Carrie Ann Dwyer, and Donica Holt. Spirit Bear, Ltd is a shareholder-investor in HPEV, Inc. Pursuant to the agreement between HPEV, Inc. and Spirit Bear, Ltd, the Board of Directors of HPEV, Inc. is to consist of an even number of directors (six) of which at least fifty percent (three) would be individuals designated by Spirit Bear, Ltd. Defendants Palmer, Dwyer and Holt are the directors of HPEV, Inc. designated by Spirit Bear, Ltd. Defendant Jay Palmer is the president and also a director of Spirit Bear, Ltd. Since HPEV, Inc. and Spirt Bear, Ltd entered into the agreement, disputes have arisen between them regarding the management of HPEV, Inc., including the issuance of company debt or equity and the compensation paid to officers and

consultants. HPEV, Inc. contends that these disputes were resolved by an April 2013 settlement agreement between HPEV, Inc. and Spirit Bear, Ltd. Spirit Bear, Ltd contends that its concerns regarding the management of the corporation were not resolved by the settlement agreement. In its Complaint, HPEV, Inc. seeks a declaratory judgment that the resolutions adopted by the Board of Directors of HPEV, Inc. in February 2013 and the settlement agreement entered into between HPEV, Inc. and Spirit Bear, Ltd on April 12, 2013 are valid and enforceable. HPEV, Inc. also alleges a claim for intentional interference with prospective economic advantage against all Defendants, and a claim for breach of fiduciary duty against Defendants Palmer, Holt and Dwyer.

On August 16, 2013, (prior to the commencement of this action) counsel for Spirit Bear, Ltd and Mr. Palmer sent a letter to HPEV, Inc. which demanded that Mr. Palmer, as a director, be permitted to inspect all books, records, expense reports, agreements, presentations, and documents of any kind regarding (a) all equity or debt issued by HPEV management since January 1, 2013; and (b) all compensation disbursed to HPEV's executive officers since January 1, 2013, together with an accounting of disbursements. *Petition (#11), Exhibit A*. The letter also demanded that HPEV, Inc. cease and desist from paying salaries and fees to its officers and that the officers be required to disgorge salaries and fees paid to them in excess of certain amounts. By letter dated August 23, 2013, HPEV, Inc. denied Mr. Palmer's request to inspect the books and records of HPEV, Inc. *Petition (#11), Exhibit C*. Mr. Palmer's counsel replied by letter on September 9, 2013, in which he set forth the basis under Nevada law for a director's right to inspect the books and records of the corporation. *Petition (#11), Exhibit B*. The parties were unable to resolve this dispute, and Mr. Palmer filed the instant petition requesting an order requiring HPEV, Inc. to make the books and records available for his immediate inspection.

## DISCUSSION

Although filed in this action, Mr. Palmer's petition is, in effect, an independent equitable action for the issuance of a mandatory writ. *See Stern v. South Chester Tube Co.*, 390 U.S. 606, 88 S.Ct. 1332, 1334 (1968) and *Garaventa v Garaventa Land & Livestock Co.*, 61 Nev. 407, 131 P.2d 513 (1942). Because the Court's decision on the Mr. Palmer's petition is dispositive of the matter, the undersigned magistrate judge issues this decision as a Finding & Recommendation pursuant to

28 U.S.C. §636(b)(1)(B).

No specific Nevada statute grants a director of a corporation the right to inspect its books and records. Petitioner relies on a common law right of inspection by directors. Petitioner cites *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 632, 137 P.3d 1171 (2006) in which the Nevada Supreme Court stated that ordinarily, a corporation's board of directors has full control over the corporation's affairs. The board's power to act on behalf of the corporation is governed by the directors' fiduciary relationship with the corporation and its shareholders which imparts upon the directors duties of care and loyalty. *Shoen* states that "[i]n essence, the duty of care consists of an obligation to act on an informed basis; the duty of loyalty requires the board and its directors to maintain, in good faith, the corporation's and its shareholder's best interests over anyone else's interests." *Id.* Petitioner also relies on decisions by the United States District Court for the District of Nevada which comment on a director's fiduciary duty to the corporation and its shareholders, and the director's obligation to act in an informed manner in carrying out those duties. *Horwitz v. Southwest Forest Industries, Inc.*, 604 F.Supp. 1130, 1134 (D.Nev. 1985) and *Donovan v. Schmoutey*, 592 F.Supp. 1361, 1399 (D.Nev. 1984) (stating that a director is chargeable with knowledge of facts appearing in the company's books and records).

The court in *Semande v. Estes*, 871 N.E.2d 268, 272 (Ill.App. 2007), sums up the basis for a director's right of inspection as follows:

> In order to fulfill their fiduciary duties to the corporation and its shareholders, directors have a right and responsibility to obtain information about the corporation they serve. To that end, directors may compel inspection of a corporation's books and records. A director is chargeable with knowledge of the facts that corporate books and records disclose. (Citations omitted).
>
> Furthermore, a director's right to inspection is even broader than a shareholder's. See *O'Neal v. Home Town Bank of Villa Rica*, 337 Ga.App. 325, 514 S.E.2d 669 (Ga.App.Ct. 1999). Directors have an "absolute" and "unqualified" right to examine books and records (18A Am Jur.2d *Corporations* § 297 at 170 (2d ed. 2004)), while shareholders may only examine corporate books for a "proper purpose" (805 ILCS 5/7.75(c) (West 2006)).

California, by statute, grants every director of a corporation the "absolute" right to inspect and copy corporate records and documents. *Wolf v. CDS DEVCO*, 110 Cal.Rptr.3d 850, 859

1  (Cal.App. 2010).  The court may "enforce the right of inspection under 'just and proper
2  conditions.'" *Id.*  In *Tritek Telecom, Inc. v. Superior Court*, 87 Cal.Rptr.3d 455, (Cal.App. 2009),
3  the court stated that the absolute right of inspection is subject to exceptions and may be denied
4  where a disgruntled director announces his or her intention to violate his or her fiduciary duties to
5  the corporation, such as by using inspection rights to learn trade secrets to compete with the
6  corporation.

7  The circumstances in *Kortüm v. Webasto Sunroofs, Inc.*, 760 A.2d 113, 120-121 (Del.Ch.
8  2000) are substantially similar to those in this case.  The subject corporation, WSI, was owned
9  equally by two other corporations, WAG and Magna, who each designated three of WSI's six
10 directors.  A dispute arose regarding the management of WSI which was controlled by Magna on a
11 day-to-day basis.  Kortüm, who was WAG's chief executive officer and also a director of WSI,
12 made demand to inspect the books and records of WSI.  WSI rejected the demand on the grounds
13 that Kortüm was seeking WSI's confidential information so that WAG could improperly compete
14 with WSI.  WSI also sought to impose certain conditions on the inspection if Kortüm was granted
15 permission to inspect the books and records.

16 The court noted that there is a "presumption that a sitting director is entitled to unfettered
17 access to the books and records of the corporation for which he sits and certainly is entitled to
18 receive what the other directors are given." *Kortüm*, 769 A.2d at 118.  The burden is on the
19 corporation resisting such inspection to show why the inspection should be denied or conditioned.
20 *Id.*  In rejecting WSI's opposition to Kortüm's inspection, the court found that WSI had not
21 established that Kortüm or WAG were attempting to engage in improper competition with WSI.
22 The court further stated:

23 > Nor is it reasonable to condition Kortüm's inspection upon an undertaking not to disclose to WAG any information gleaned from
24 > the document inspection.  Kortüm is a fiduciary of WSI, but he is a fiduciary of WAG as well.  Absent a conflict between those two
25 > roles, Kortüm's fiduciary duty would require him to disclose that information to WAG, which is one of WSI's 50% owners.  As Vice
26 > Chancellor Lamb has stated, "... the Court has the power and the discretion to limit [a] director's access to information, but that is a
27 > discretion that I would sparingly exercise because, frankly, [the Court is] not the fiduciary charged with duties to the corporation and its
28 > stockholders; rather, the director is."

769 A.2d at 121.

The court also declined to enter an order that Kortüm not disclose information in the books and records to third persons, including other potential competitors. The court stated:

> I perceive no reason why Kortüm would object to such a condition, so long as the nondisclosure obligation does not include WAG or its representatives. Because Magna has not shown any risk that Kortüm intends to disclose the information to anyone other than WAG, however, it must be presumed that Kortüm, as a fiduciary of WSI, will not disclose WSI's proprietary or confidential information to such third parties. Therefore, Kortüm is encouraged, but will not be required, to bind himself to that nondisclosure restriction.

769 A.2d at 121 n. 17.

In this case, HPEV, Inc. argues that Palmer and Spirit Bear, Ltd are attempting to interfere in the management of HPEV, Inc. and to delay the approval of additional investments so that Spirit Bear, Ltd can purchase additional shares and related warrants that will give it a greater interest in HPEV, Inc. and its valuable technology. Palmer and Spirit Bear, Ltd argue, however, that they are concerned about excessive compensation being paid to HPEV, Inc.'s officers and by management's decisions to issue debt and equity. This dispute is the subject matter of this lawsuit and the information that Mr. Palmer seeks will probably also be discoverable by Spirit Bear, Ltd in this action pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

HPEV, Inc. has not demonstrated that Mr. Palmer or Spirit Bear, Ltd are attempting to engage in competition with HPEV, Inc. or that Mr. Palmer is seeking HPEV, Inc.'s corporate information for an improper purpose. Mr. Palmer may have a duty to disclose information in the books and records of HPEV, Inc. to Spirit Bear, Ltd. Mr. Palmer must be attentive to any conflict between his fiduciary duties to both corporations. It is unnecessary, however, for the Court to impose any special conditions on Mr. Palmer's inspection of HPEV, Inc.'s books and records since he is bound by a duty of loyalty and good faith to both corporations and their shareholders and must act in accordance with those obligations.

Mr. Palmer may be assisted by an attorney and accountant in conducting his inspection of the books and records of HPEV, Inc. Mr. Palmer shall provide HPEV, Inc. with advance notice of

the identities of the attorneys and accountants who will participate in the inspection so that HPEV, Inc. can raise any appropriate objection to their participation and seek relief from the court if necessary. Accordingly,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Petition by HPEV, Inc. Director Jay Palmer for Writ to Allow Him to Inspect the Company's Books and Records (#11) be **granted** and that Mr. Palmer be permitted to inspect all books, records, expense reports, agreements, presentations, and documents of any kind regarding (a) all equity or debt issued by HPEV management since January 1, 2013; and (b) all compensation disbursed to HPEV's executive officers since January 1, 2013, together with an accounting of disbursements.

**IT IS FURTHER RECOMMENDED** that no special conditions or limitations be imposed on Mr. Palmer's inspection of HPEV, Inc.'s books and records since he is bound by his fiduciary duty to HPEV, Inc. in regard to the use of any information obtained as a result of such inspection.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of October, 2013.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**