|   |   |
|---|---|
| HPEV, INC., a Nevada corporation,<br><br>Plaintiff<br><br>v.<br><br>SPIRIT BEAR LIMITED, a Delaware corporation,<br><br>Defendant. | Case No. 2:13-cv-01548-JAD-GWF |
| SPIRIT BEAR LIMITED, a Delaware corporation, on behalf of HPEV, INC., a Nevada corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>TIMOTHY J. HASSETT, QUENTIN D. PONDER, JUDSON W. BIBB III, THEODORE H. BANZHAF, and MARK M. HODOWANEC,<br><br>Third-Party Defendants,<br><br>and<br><br>HPEV, INC., a Nevada corporation,<br><br>Nominal Counterdefendant. | **Order GRANTING Motion to Amend Answer to First Amended Complaint and Verified Derivative Counter and Third Party Claim [Doc. 99]; DENYING Motion to Dismiss Nominal Counterdefendant [Doc. 50] and Emergency Motion for Hearing [Doc. 113] as Moot; and DENYING Motion to Supplement Opposition [Doc. 116]** |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

This is a multi-faceted dispute regarding the corporate governance of Plaintiff HPEV, Inc. The primary dispute concerns the adoption of HPEV board resolutions relating to executive compensation and raising capital through the sale of equity.  HPEV, Inc. claims that the resolutions were proper, and Defendant Spirit Bear Limited has taken actions to prevent their implementation.

Conversely, Spirit Bear contends that the resolutions were improperly adopted because they violated agreements existing between Spirit Bear and HPEV and that HPEV improperly ousted its appointed directors.

Spirit Bear seeks leave to amend[1] its Answer to the First Amended Complaint and Verified Derivative Counter & Third Party Claim[2] to supplement the factual allegations supporting its derivative claims, assert an additional affirmative defense to HPEV's claims, and add counterclaims for (i) breach of two separate contracts existing between the parties and of HPEV's implied covenants of good faith and fair dealing under those contracts, (ii) conversion, and (iii) declaratory relief.  I find this motion appropriate for resolution without oral argument[3] and that justice requires allowance of the amendment, and I grant the motion.  This disposition affects HPEV's Motion to Dismiss Nominal Counterdefendant HPEV, Inc. and Spirit Bear's Emergency Motion for Hearing, and HPEV's and I deny them both as moot.[4]

## Background[5]

On December 14, 2012, Spirit Bear and HPEV entered into a Securities Purchase Agreement (the "SPA"), whereby Spirit Bear acquired 200 preferred shares of HPEV stock along with various warrant rights.  The SPA also granted Spirit Bear the right to appoint a certain number of individuals to HPEV's board of directors. The same day, the parties also executed a Registration Rights Agreement (the "RRA") that provided, inter alia, that HPEV would file a Registration Statement with the SEC regarding the securities sold under the SPA. HPEV initially complied with the obligation, filing a Form S-1 Registration Statement for the securities, which the SEC declared

---

[1] Doc. 99.

[2] Doc. 38.

[3] L.R. 78-2.

[4] Docs. 50, 113.

[5] The factual information contained in this section is offered for context only and is not intended as any finding of fact.

effective on January 23, 2013.

A dispute arose and the parties entered into a settlement agreement that included an increase in the conversion rate of the preferred stock Spirit Bear held from 20,000 to 50,000 shares, and a new Form S-1 was required to register the shares. But no new Registration Statement was filed. Notwithstanding the settlement agreement, disputes continued between the parties and ultimately culminated in HPEV filing this lawsuit on August 27, 2013. HPEV amended its complaint October 9, 2013; Spirit Bear answered and filed a third-party derivative claim.

**Discussion**

Spirit Bear seeks to add counterclaims to is pleading based on allegations that HPEV breached its contractual obligations to Spirit Bear after the inception of the lawsuit and after Spirit Bear filed its first responsive pleading. The deadline for amending pleadings (as set in the Scheduling Order) was January 28, 2014.[6] The instant motion was filed more than four months late on May 5, 2014. Thus, the Court must consider not just whether amendment is appropriate[7] but whether good cause exists to give Spirit Bear relief from the court-ordered amendment deadline.[8] The "good cause" analysis focuses on "the diligence of the party seeking the amendment,"[9] who bears[10] the burden of showing that the scheduling deadlines could not have been met even in the exercise of utmost diligence.[11] Courts have found "good cause" when the motion to amend is brought shortly after the discovery of previously undisclosed information or a change in underlying

---

[6] Docs. 40, 108.

[7] *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotations removed).

[8] *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)).

[9] *Johnson*, 975 F.2d at 609.

[10] Pun mostly unintended.

[11] *Id.*

facts.[12]

I find good cause for amendment because the request for leave was made shortly after changes in the factual circumstances underlying the claims. First, Spirit Bear's claims under the SPA involve allegations that HPEV directors improperly conducted a shareholder vote amending the company's bylaws to allow for the ouster of the Spirit Bear-appointed directors. Spirit Bear alleges that this plan was set in motion in December of 2013, and HPEV did not inform shareholders that the Spirit Bear-appointed directors had not been re-elected until January 17, 2014–11 days before the deadline to amend pleadings ran. Further, Spirit Bear alleges that HPEV did not inform Spirit Bear of its position that the Spirit Bear-appointed directors did not continue as holdover directors under NRS 78.330(1) until April 14, 2014—21 days before the filing of this motion. The Court agrees with HPEV that Spirit Bear *could* have sought amendment in January after the alleged ouster but, as the situation was evolving, Spirit Bear's delay to May was not due to a lack of diligence on Spirit Bear's part. Consequently, I find good cause under Rule 16(b) to allow Spirit Bear to add the SPA breach claims.

Spirit Bear's claims arising under the RRA allege that HPEV failed to maintain a Registration Statement covering the securities sold to Spirit Bear with the SEC as mandated by the RRA; HPEV failed to file a necessary post-effective amendment with the SEC and the Registration Statement became ineffective on May 21, 2013. Spirit Bear alleges it allowed HPEV additional time to cure the breach, but ultimately accepted the additional warrant shares for HPEV's breach pursuant to the RRA in October 2013. HPEV argues that because Spirit Bear knew of the breach as early as May 21, 2013 and at least by October 2013, the amendment could have been brought before the Scheduling Order's deadline. Spirit Bear responds that, at the time of the breach, HPEV stock was trading around $0.40 per share and it had no intention of selling the stock at that time; so HPEV's breach, which prevented Spirit Bear from selling, did not give rise to any damages. It contends that

---

[12] *See, e.g.*, *Pinnacle Fitness & Recreation Mgmt., LLC v. Moyes Family Trust*, No. 08cv1368 AJB (BGS), 2011 WL 1565806, *4 (S.D. Cal. Apr. 21, 2011); *Juarez v. Auto Zone Stores, Inc.*, Civil No. 08cv417-L(BLM), 2010 WL 3470759, *2 (S.D. Cal. Sept. 3, 2010).

1  in March, the stock price significantly increased; at this price, Spirit Bear wanted to sell, and
2  attempted to sell its unregistered stock under Rule 144 of the Exchange Act.  But HPEV allegedly
3  interfered with, and prevented, Spirit Bear's attempted Rule 144 sale.  Thus, although the breach first
4  occurred several months ago, a complete cause of action only recently ripened.  Given this recent
5  factual development, I find that there is good cause to allow this late amendment.

6        Additionally, I find that amendment should be allowed under Rule 15(a).  HPEV offers two
7  challenges under Rule 15: (1) it argues that any amendment at this point would unnecessarily expand
8  the scope and length of the litigation, thereby prejudicing HPEV; and (2) HPEV argues that the
9  amendment is futile.  Although amendment would expand the litigation, the allegations are based on
10 the continued development of the dispute underlying this case.  As the various claims all involve a
11 common nucleus of operative facts, it would be more efficient to try them all together than require
12 Spirit Bear to pursue these new claims and allegations in a separate case.  Moreover, there is no
13 evidence that the amendments are sought in bad faith simply to protract litigation, as HPEV
14 suggests.  The amendments appear to be based on factual developments related to the main dispute,
15 which occurred after litigation began, so they should be permitted.

16       As to futility, HPEV offers a handful of substantive arguments relating to the interpretation
17 of the contracts, arguing that Spirit Bear's claims will ultimately prove to be meritless.  This,
18 however, is not the standard on a motion to amend.  Amendment is futile only if, the amended
19 complaint's allegations—taken as true—do not state a plausible claim.[13]  Spirit Bear's proposed
20 amendments state cognizable claims for breach of contract, breach of the covenant of good faith and
21 fair dealing, or alternatively for unjust enrichment and declaratory relief.  Although HPEV may
22 dispute Spirit Bear's interpretations of the contracts as the litigation advances, those disputes do not
23 foreclose amendment. Consequently, I grant Spirit Bear's amendment request.  For these same
24 reasons, I deny HPEV's motion to supplement its opposition with additional substantive arguments

---

[13] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (noting sufficiency of proposed amendment subject to Rule 12(b)(6) test, but applying *Conley*'s "no set of facts" standard); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007).

more appropriately asserted on a motion for summary judgment.[14]

Permitting amendment affects other motions on the docket. The addition of counterclaims against HPEV cures the deficiencies complained of in HPEV's Motion to Dismiss Nominal Counterdefendant HPEV, Inc,[15] so I deny that motion as moot. The resolution of this motion also renders moot Spirit Bear's request for a hearing on the status of this motion,[16] so it is similarly denied. Although the amendment also technically moots HPEV's Motion to Dismiss Third-Party Defendants because that motion was based on the original Third Party Complaint, because the new amendments to the Third-Party Complaint will be minimal, I will treat HPEV's motion as a challenge to the newly amended third-party complaint and issue a separate order on that motion.

**Conclusion**

Accordingly, and with good cause appearing,

It is hereby ORDERED that Defendant Spirit Bear, Limited's Motion to Amend **[Doc. 99] is GRANTED**; Spirit Bear shall file and serve its Amended Answer to the First Amended Complaint and Amended Verified Derivative Counter & Third Party Claim within 10 days of the date of this Order;

It is further ORDERED that Plaintiff HPEV, Inc.'s Motion to Dismiss Nominal Counterdefendant HPEV, Inc. **[Doc. 50] is DENIED** as moot;

It is further ORDERED that Defendant Spirit Bear Limited's Emergency Motion for Hearing **[Doc. 113] is DENIED** as moot.

. . .

. . .

---

[14] HPEV has moved for leave to file a supplement to its opposition to this motion. Doc. 116. Because HPEV desires to supplement substantive arguments regarding the merits of Spirit Bear's claims—arguments more properly suited for summary judgment and not a motion to amend—I deny this request.

[15] Doc. 50.

[16] Doc. 113.

It is further ORDERED that Plaintiff HPEV, Inc.'s Motion to Supplement Opposition to Motion to Amend/Correct Complaint **[Doc. 116] is DENIED**.

DATED June 26, 2014.

_____
Jennifer A. Dorsey
United States District Judge