UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HPEV, INC., a Nevada corporation,

Plaintiff

v.

SPIRIT BEAR LIMITED, a Delaware corporation,

Defendant.

ALL OTHER CLAIMS AND PARTIES

Case No. 2:13-cv-01548-JAD-GWF

**Order re: Motion to Dismiss Third-party Complaint [#86] and Motion to Strike New Argument in Reply Brief [#103]**

    This is a dispute over the payment of executive compensation to four officers and directors of HPEV, Inc. and over other rights and obligations in agreements between the corporation and a significant shareholder.

    Spirit Bear owns millions of shares of HPEV stock as a result of a 2013 settlement agreement with HPEV.[1]  HPEV alleges that, despite the settlement, Spirit Bear continues to interfere with HPEV's attempts to pay executive compensation and to raise capital by issuing equity, and HPEV commenced this breach-of-contract and bad-faith action in the District of Nevada, seeking declaratory relief and damages.[2]  Spirit Bear responded with a derivative action against four HPEV executives alleging that, by authorizing their executive compensation and issuing debt or equity to fund that compensation, HPEV's executives breached their fiduciary duties to HPEV, unjustly enriched themselves, and harmed the company.[3]  Spirit Bear also sues HPEV's Chief Technology Officer Mark Hodowanec for aiding and abetting his colleagues' fiduciary breaches.  Spirit Bear has pled additional, direct counterclaims against HPEV, alleging that the company breached the

---

[1] Doc. 29, ¶12; Doc. 31-5 at 3.  This information is taken primarily from the parties' pleadings and is not intended as any finding of fact.

[2] *See generally* Doc. 29.

[3] Doc. 119.

settlement agreement, the covenant of good faith and fair dealing in that settlement agreement, and a 2012 Registration Rights Agreement that gave Spirit Bear certain rights to dispose of its shares. Spirit Bear seeks monetary and declaratory relief.[4]

The individual, third-party defendants now move to dismiss[5] Spirit Bear's derivative claims against them. They argue that Spirit Bear has not adequately pled that it satisfied—or is excused from satisfying—the prerequisites for commencing a shareholder-derivative action under FRCP 23.1. As non-forum residents, the executives challenge Nevada's exercise of personal jurisdiction over them, and they separately contend that Spirit Bear's aiding-and-abetting claim against Hodowanec is insufficiently pled.

Spirit Bear responds that it adequately pled that the board wrongfully refused its demand that HPEV bring the suit against its executives, thereby satisfying its Rule 23.1 requirements. It notes that the third-party defendants' personal-jurisdiction argument ignores the Nevada Supreme Court's opinion in *Consipio Holding, BV v. Carlberg*[6] that corporate officers and directors who "are causing direct harm to a Nevada" corporation "for personal gain"—as these third-party defendants are allegedly doing—"are affirmatively directing conduct towards Nevada, and by doing so can be subject to personal jurisdiction even without a director consent statute." And Spirit Bear asserts that it adequately pled the elements of aiding and abetting against Hodowanec.

Having considered the parties' submissions, I find that Spirit Bear has pled sufficient facts to satisfy FRCP 23.1's pleading requirements to maintain this derivative action and to establish personal jurisdiction over Tim Hassett, Quentin Ponder, Judson Bibb, and Theodore Banzhaf ("the Management Defendants"). But I find no facts to support the conclusion that Nevada's exercise of personal jurisdiction over Mark Hodowanec would be reasonable, and I dismiss the aiding-and-

---

[4] *Id.* Although Spirit Bear's Amended Verified Derivative Counter and Third-Party Claim and Verified Counterclaim (Doc. 119) was filed after the motion to dismiss, when permitting leave to file this amendment, I noted that I would treat the motion to dismiss as a challenge to the newly amended third-party complaint. *See* Doc. 118 at 6.

[5] Banzhaf joins in the motion and reply. Doc. 104.

[6] *Consipio Holding, BV v. Carlberg*, 282 P.3d 751, 755 (Nev. 2012).

abetting claim against Hodowanec for want of personal jurisdiction.

## Discussion

**A.    Motion to Dismiss Third Party Claims [#86]**

*1.    Spirit Bear has adequately pled a wrongfully refused demand to bring suit.*

The third-party defendants contend that Spirit Bear's derivative claims must be dismissed under FRCP 12(b)(6) because Spirit Bear has not pled "particularized facts" to "raise a reasonable doubt that the Board's decision to reject" Spirit Bear's demand that HPEV bring suit against its officers and directors "was the product of a valid business judgment."[7] Having scrutinized the demand and demand-futility allegations in the Amended Verified Derivative Counter and Third-Party Claim,[8] I disagree.

The decision to bring suit on behalf of a corporation generally rests with its board of directors.[9] "When the board fails to appropriately act, individual shareholders may file a suit in equity to enforce the corporation's rights"; these "derivative suits" allow shareholders to compel the corporation to file suit and "pursue litigation on the corporation's behalf against the corporation's board of directors and officers."[10] "But because the power to manage the corporation's affairs resides in the board of directors, a shareholder must, before filing suit, make a demand on the board . . . to obtain the action that the shareholder desires."[11] "A derivative complaint must state, with particularity, the demand for corrective action that the shareholder made on the board of directors . . . and why he failed to obtain such action, or his reasons for not making a demand."[12] The pleading must "'set forth particularized factual statements that are essential to the claim' that a demand has

---

[7] Doc. 102 at 13.

[8] Doc. 119.

[9] *Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1179 (Nev. 2006).

[10] *Id*.

[11] *Id.*

[12] *Id.*

been made and refused, or that making a demand would be futile or otherwise inappropriate."[13]  "A shareholder's failure to sufficiently plead compliance with the demand requirement deprives the shareholder of standing and justifies dismissal of the complaint for failure to state a claim upon which relief may be granted."[14]

Spirit Bear has pled sufficient facts to satisfy its demand obligations and avoid dismissal of their claims under the business judgment rule.  Spirit Bear alleges that it made a demand on management to stop paying the executive salaries of Hassett, Banzhaf, Bibb, and Ponder, and for these executives' disgorgement of previously paid amounts.[15]  HPEV and the Management Defendants "refused" that demand by August 23, 2013, letter.[16]  And Spirit Bear has articulated in great detail in the third-party complaint itself why this shareholder contends that the board's refusal was wrongful.[17]  Spirit Bear further alleges that any additional demand would have been futile because "Management would be reviewing and analyzing the demand, and they are the same individuals who benefit from" the allegedly wrongful conduct.[18]  Indeed, the allegations, "taken as true and with all fair inferences drawn in favor of" Spirit Bear "show that the protection afforded by the 'business judgment rule is inapplicable to the board majority approving the transaction' because those directors are interested . . . in the subject transaction."[19]  Accordingly, the third-party defendants' request to dismiss the third-party claims for failure to sufficiently plead a derivative action under FRCP 23.1 is denied.

---

[13] *Id.* at 1179–80 (quoting *Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000)).

[14] *Id*. at 1180.

[15] Doc. 119 at 51–53.

[16] *Id*. at 54.

[17] *Id*. at 55–60.

[18] *Id*. at 61–62.

[19] *Shoen*, 137 P.3d at 1182 (quoting *Aaronson v. Lewis*, 473 A.2d 805, 814–15 (Del. 1984)).

### 2. Spirit Bear has pled sufficient facts to establish specific personal jurisdiction over the third-party management defendants, but not Hodowanec.

I next decide whether to dismiss the claims against any third-party defendant for want of personal jurisdiction. The Due Process Clause of the Fourteenth Amendment limits a court's power to bind a non-resident defendant to a judgment in the state in which it sits.[20] As the Supreme Court explained in the pathmarking *International Shoe* opinion, "Although a non-resident's physical presence within the territorial jurisdiction of the court is not required," for the exercise of personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[21] "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."[22]

Specific, not general, personal jurisdiction is at issue here, as no party suggests that HPEV's officers and directors who are the subject of this third-party action—citizens of California, Oklahoma, Florida, and Pennsylvania[23]—are subject to general jurisdiction. Specific (or case-linked) jurisdiction depends on an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[24] The Supreme Court's opinion last term in *Walden v. Fiore* emphasizes that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."[25] It also reiterated that the "'[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons' . . . 'because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant

---

[20] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[21] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[22] *World-Wide Volkswagen*, 444 U.S. at 297.

[23] Doc. 119 at ¶¶ 6–11.

[24] *Goodyear Dunlop Tires Oper. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

[25] *Walden*, 134 S. Ct. at 1126.

'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located.'"[26]

Of particular importance in Nevada's personal-jurisdiction library is *Consipio Holding, BV v. Carlberg*,[27] in which the Nevada Supreme Court reversed the dismissal of a shareholder-derivative suit against nonresident officers and directors of a Nevada corporation for lack of jurisdiction. The Court noted that the shareholders were alleging that the officers and directors were "causing direct harm to a Nevada" corporation "for personal gain," and it distinguished the case from *Shaffer v. Heitner*, in which the United States Supreme Court found that non-resident officers and directors of a Delaware corporation who opened the company up to liability *outside of* the state were not subject to personal jurisdiction in Delaware.[28] The court reasoned that, "[w]hen officers or directors directly harm a Nevada corporation, they are harming a Nevada citizen. By purposefully directing harm towards a Nevada citizen, [they] establish contacts with Nevada and 'affirmatively direct conduct' toward Nevada."[29] "Further, officers or directors 'cause important consequences' in Nevada when they directly harm a Nevada corporation."[30]

The Court also noted that NRS 78.135(1), which "provides notice to [corporate] officers and directors that they are subject to derivative suits for violation of their authority," "provides [them] the understanding that by violating their authority as a Nevada corporations officer or director, they are subject to an action under Nevada's laws in Nevada" and "supports a district court's authority to exercise personal jurisdiction over officers and directors in such lawsuits."[31] The Court was careful to note, however, that "an individual's position as a Nevada corporation's director does not

---

[26] *Id.* at 1121 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014), and Fed. R. Civ. P. 4(k)(1)(A)).

[27] *Consipio Holding, BV v. Carlberg*, 282 P.3d 751 (2012).

[28] *Consipio*, 282 P.3d at 756 (citing *Shaffer v. Heitner*, 433 U.S. 186, 189–90 (1977)).

[29] *Id*. (quoting *Trump v. Dist. Ct.*, 857 P.2d 740, 748 (Nev. 1993)).

[30] *Id*. (quoting *Jarstad v. National Farmers Union*, 552 P.2d 49, 53 (Nev. 1976)).

[31] *Id*. at 756 (citing Nev. Rev. Stat. § 78.135(1)).

automatically subject that individual to jurisdiction in Nevada," and the district court must still conduct "further factual analysis to determine whether the [officers and directors'] conduct subject[s] them to jurisdiction in Nevada"— i.e., "whether it is reasonable to exercise personal jurisdiction."[32]

The reasonableness inquiry asks "whether it is 'reasonable to require the defendant to defend the particular suit in the jurisdiction where it is brought.'"[33] "Factors relevant to this inquiry are: (1) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the interest of the several states in furthering substantive social policies."[34]

Consideration of these factors demonstrates that requiring the Management Defendants to defend Spirt Bear's derivative claims in this jurisdiction "does not offend traditional notions of fair play and substantial justice."[35] HPEV initiated this action here, and it is reasonable to assume that its CEO, President, Vice President, and CFO were part of that forum-selection decision. This conclusion is buttressed by the fact that the settlement agreement that is a key factual component of this litigation contains a Nevada choice-of-law provision.[36] Thus, the burden on these individuals, who have already chosen to litigate on behalf of their company in this forum and have included a Nevada choice-of-law provision in at least one corporate agreement with Spirit Bear, is minimal. Because HPEV initiated this lawsuit here, HPEV is a Nevada corporation, and the third-party claims relate to the issues raised in HPEV's own claims and involve allegations of injury to a Nevada corporation,[37] Nevada also has an interest in adjudicating the third-party claims against the

---

[32] *Id*. at 756 n.4 & 757.

[33] *Id*. at 755 (quoting *Trump*, 857 P.2d at 749).

[34] *Trump v. Dist. Ct.*, 857 P.2d 740, 749 (Nev. 1993).

[35] *Id*. at 751.

[36] Doc. 31-3 at 4.

[37] *See generally* Doc. 119, alleging that the Management Defendants wrongfully authorized the issuance of debt and equity to fund their own excessive, executive compensation, thereby harming HPEV.

Management Defendants.[38]  Spirit Bear has already been sued in this jurisdiction by HPEV and asserted counterclaims against HPEV; my exercise of personal jurisdiction over the Management Defendants and permitting Spirit Bear to prosecute its third-party claims as part of this action will provide the most convenient and effective relief and the most efficient resolution of this controversy. Had HPEV not commenced this action, the balance of these considerations may have tipped differently, but in light of the procedural posture of this case and the allegations in Spirit Bear's amended counterclaim and third-party complaint, I find that it is reasonable for this court to exercise personal jurisdiction over the Management Defendants.

The same cannot be said of Hodowanec, however.  Spirit Bear alleges that Hodowanec, a Pennsylvania resident, "holds himself out as the Chief Technology Officer" of HPEV,[39] and it alleges only "[o]n information and belief," that "Hodowanec knowingly aided, abetted and participated with Management to breach their fiduciary duties to HPEV in offering and issuing HPEV equity or debt without authority."[40]  No facts of this aiding and abetting are offered.  Not only do these thin, conclusory allegations fail to state a claim for relief under the standards articulated by the United States Supreme Court in *Iqbal* and *Twombly*,[41] but they also fail to provide any basis for this court to exercise personal jurisdiction over this non-resident defendant.  Accordingly, the fourth third-party claim (asserted only against Hodowanec) is dismissed for lack of personal jurisdiction.

---

[38] *See Consipio*, 282 P.3d at 755–56.

[39] Doc. 119 at ¶ 11.

[40] *Id*. at ¶ 94.

[41] While Rule 8 does not require detailed factual allegations, the United States Supreme Court clarified in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), that FRCP 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." "Factual allegations must be enough to rise above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient; actual facts detailing the defendant's conduct and allowing the reader to draw the reasonable inference that the defendant is liable for the alleged misconduct must be pled. *Id.*  Even if I were not dismissing this aiding-and-abetting claim for lack of personal jurisdiction, I would dismiss it for failure to state a claim because it offers nothing but conclusory recitals of this claim's elements.

B.   **Motion to Strike New Arguments Raised in Reply Brief [#103]**

Spirit Bear also asks me to strike the third party defendants' additional argument in their reply in support of their motion to dismiss that Spirit Bear's shareholder derivative claims were released by the settlement agreement.[42]  District courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond.[43]  The term "strike" is a misnomer; FRCP 12(f) permits only the striking of pleadings, not matters in briefs.[44]  Although I could exercise my discretion to disregard this argument because of its timing, I choose instead to disregard it because I conclude it is not pertinent to my analysis. Accordingly, the motion to "strike" is denied.

## Conclusion

Based on the foregoing analysis, IT IS HEREBY ORDERED that:

- The Third-party Defendants' Motion to Dismiss **[#86] is GRANTED IN PART AND DENIED IN PART**:
    - The claim against Mark Hodowanec is dismissed for lack of personal jurisdiction; and
    - The motion is denied in all other respects.
- Spirit Bear's Motion to Strike New Arguments Contained in the Reply **[#103] is DENIED**.

DATED November 21, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[42] Doc. 103.

[43] *See, e.g., Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *USF Ins. Co. v. Smith's Food & Drug Ctr, Inc.*, 921 F. Supp. 2d 1082, 1090 n.1 (D. Nev. 2013).

[44] *See* Fed. R. Civ. P. 12(f) (permitting the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").