1  JOHN R. BAILEY, Nev. Bar No. 0137
   JOSEPH A. LIEBMAN, Nev. Bar No. 10125
2  JOSHUA P. GILMORE, Nev. Bar No. 11576
   BAILEY❖KENNEDY
3  8984 Spanish Ridge Avenue
   Las Vegas, Nevada 89148-1302
4  Telephone Number: (702) 562-8820
   Fax Number:  (702) 562-8821
5  JBailey@BaileyKennedy.com
   JLiebman@BaileyKennedy.com
6  JGilmore@BaileyKennedy.com

7  *Attorneys for SPIRIT BEAR LIMITED*

8
                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10

11 | HPEV, INC., a Nevada corporation,                )
                                                     )
12 |         Plaintiff,                               )  Docket No. 2:13-cv-01548-JAD-GWF
             vs.                                     )
13 |                                                 )
   | SPIRIT BEAR LIMITED, a Delaware                 )  **ORDER GRANTING [DKT. # 148] SPIRIT**
14 | corporation,                                    )  **BEAR'S *EMERGENCY* MOTION FOR A**
                                                     )  **PRELIMINARY INJUNCTION TO**
15 |         Defendant.                              )  **ENJOIN HPEV'S DECEMBER 10, 2014**
   |_____           )  **SPECIAL SHAREHOLDER MEETING;**
16 | SPIRIT BEAR LIMITED, a Delaware                 )  **AND DENYING AS MOOT [DKT. # 147]**
   | corporation, on behalf of HPEV, INC., a         )  **SPIRIT BEAR'S *EMERGENCY* MOTION**
17 | Nevada corporation,                             )  **FOR A TEMPORARY RESTRAINING**
                                                     )  **ORDER TO ENJOIN HPEV'S**
18 |         Third-Party Plaintiff,                  )  **DECEMBER 10, 2014 SPECIAL**
             vs.                                     )  **SHAREHOLDER MEETING**
19 |                                                 )
   | TIMOTHY J. HASSETT, QUENTIN D.                  )
20 | PONDER, JUDSON W. BIBB III,                     )
   | THEODORE H. BANZHAF, AND MARK                   )
21 | M. HODOWANEC,                                   )
                                                     )
22 |         Third-Party Defendants,                 )
   | and                                             )
23 |                                                 )
   | HPEV, INC., a Nevada corporation,               )
24 |                                                 )
             Nominal Counterdefendant.               )
25                                                   )
                                                     )
26                                                   )
   |_____           )
27

| | |
|---|---|
| 1 | SPIRIT BEAR LIMITED, a Delaware corporation, )<br>) |
| 2 | ) |
| | Counterclaimant, ) |
| 3 | ) |
| | vs. ) |
| 4 | ) |
| | HPEV, INC., a Nevada corporation, ) |
| 5 | ) |
| | Counterdefendant. ) |
| 6 | _____) |

HPEV, Inc. ("HPEV") and Spirit Bear Limited ("Spirit Bear") came before this Court on December 5, 2014, at 2:30 p.m., on: (i) Spirit Bear's *Emergency* Motion for a Temporary Restraining Order to Enjoin HPEV's December 10, 2014 Special Shareholder Meeting [Dkt. # 147]; and (2) Spirit Bear's *Emergency* Motion for a Preliminary Injunction to Enjoin HPEV's December 10, 2014 Special Shareholder Meeting [Dkt. # 148].

## APPEARANCES

- ➢ Joseph Liebman, Esq. of Bailey❖Kennedy on behalf of Spirit Bear.
- ➢ Mark Dzarnoski, Esq. of Gordon Silver on behalf of HPEV.

## ORDER

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing these elements).

The Court finds that Spirit Bear is likely to succeed on the merits of its claim that HPEV is currently in violation of Article III, Section 17 of HPEV's bylaws, which states that "Spirit Bear Limited shall have the right to nominate half of the members of the Board, which shall consist of an

even number of directors." HPEV noticed a December 10, 2014, Special Shareholder Meeting without providing Spirit Bear with its right to "nominate half of the members of the Board."[1]

The Court finds that Spirit Bear is likely to suffer irreparable harm if the December 10, 2014, Special Shareholder Meeting is allowed to proceed as currently noticed, because Spirit Bear will be frustrated in its attempt to obtain representation on the HPEV Board of Directors. *See, e.g., Int'l Banknote Co., Inc. v. Muller*, 713 F. Supp. 612, 623 (S.D.N.Y. 1989); *Treco, Inc. v. Land of Lincoln Sav. & Loan*, 572 F. Supp. 1447, 1450 (N.D. Ill. 1983). The Court also finds that the balance of equities tips in Spirit Bear's favor because any harm HPEV may suffer from an enjoinment of the December 10, 2014, Special Shareholder Meeting is the result of HPEV's decision not to comply with Article III, Section 17 of its bylaws. Finally, the Court finds that the public interest will be served because public companies must be required to comply with corporate bylaws.

Accordingly, the Court, having examined memoranda of the parties and the records and documents on file, and heard argument of counsel, **HEREBY ORDERS** that Spirit Bear's *Emergency* Motion for a Preliminary Injunction to Enjoin HPEV's December 10, 2014 Special Shareholder Meeting [Dkt. # 148] is GRANTED. HPEV is enjoined from going forward with the December 10, 2014, Special Shareholder Meeting because it failed to comply with Article III, Section 17 of HPEV's bylaws. Spirit Bear shall post a $500.00 bond with the Clerk of Court as security for the injunction.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] In the interests of clarity going forward, the Court finds that the process under Article III, Section 17 of HPEV's bylaws should begin with HPEV serving a written request on Spirit Bear, and any response from Spirit Bear must be provided within ten business days.

The Court **FURTHER ORDERS** that Spirit Bear's *Emergency* Motion for a Temporary Restraining Order to Enjoin HPEV's December 10, 2014 Special Shareholder Meeting [Dkt. # 147] is DENIED AS MOOT.

**ORDER**

IT IS SO ORDERED.

DATED: December 9, 2014

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

BAILEY❖KENNEDY

By: /s/ Joseph A. Liebman
JOHN R. BAILEY, Nev. Bar No. 0137
JOSEPH A. LIEBMAN, Nev. Bar No. 10125
JOSHUA P. GILMORE, Nev. Bar No. 11576
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302