GORDON SILVER
MARK S. DZARNOSKI
Nevada Bar No. 3398
Email: mdzarnoski@gordonsilver.com
500 N. Rainbow Blvd., Suite 120
Las Vegas, NV 89107
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Plaintiff/Counterdefendant HPEV, Inc., and Third-Party Defendants Timothy J. Hassett, Quentin D. Ponder, Judson W. Bibb, and Theodore H. Banzhaf

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| HPEV, Inc., a Nevada corporation, | CASE NO. 2:13-cv-01548-JAD-GWF |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER FOR DISMISSAL** |
| SPIRIT BEAR LIMITED, a Delaware corporation, | |
| Defendant. | |
| SPIRIT BEAR LIMITED, a Delaware corporation, on behalf of HPEV, INC., a Nevada corporation, | |
| Third-Party Plaintiff, | |
| vs. | |
| TIMOTHY J. HASSETT, QUENTIN D. PONDER, JUDSON W. BIBB III, THEODORE H. BANZHAF, AND MARK M. HODOWANEC, | |
| Third-Party Defendants. | |
| and | |
| HPEV, INC., a Nevada corporation, | |
| Nominal Counterdefendant. | |
| SPIRIT BEAR LIMITED, a Delaware corporation, | |

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

104439-001/2686608

Counterclaimant,

vs.

HPEV, INC., a Nevada corporation, )

Counterdefendant.

IT IS HEREBY STIPULATED, by and between Plaintiff/Counterdefendant HPEV, Inc. ("HPEV") and Third-Party Defendants Timothy J. Hassett, Quentin D. Ponder, Judson W. Bibb III, and Theodore H. Banzhaf, ("Third-Party Defendants"), as well as Defendant/Third-Party Plaintiff/Counterclaimant Spirit Bear Limited ("SBL"), by and through their counsel of record, that:

The Court should issue an Order dismissing, without prejudice, the direct claims filed by HPEV against SBL and the direct claims asserted by SBL against HPEV;

In support of the Stipulation and Order sought by the parties, the undersigned advise the Court as follows:

### I. MATTERS PENDING BEFORE THE COURT

1. This matter was originally commenced with the filing of a Complaint by HPEV, INC. ("HPEV"), a Nevada corporation, against SBL, a Delaware corporation, and Jay Palmer, Carrie Ann Dwyer and Donica Holt. [See Dkt 1].

2. Following various pre-Answer filings, HPEV ultimately filed, on October 9, 2013, a First Amended Complaint ("FAC") wherein it removed its claims against Jay Palmer, Carrie Ann Dwyer and Donica Holt individually, and only pursued claims against SBL. [FAC at Dkt 29].

3. On October 28, 2013, SBL filed its Answer to the FAC and included a Verified Derivative Counter & Third-Party Claim on behalf of HPEV (which was named as a nominal defendant) and against Timothy J. Hassett ("Hassett"), Quentin D. Ponder ("Ponder"), Judson W. Bibb III ("Bibb"), Theodore H. Banzhaf ("Banzhaf") and Mark Hodowanec ("Hodowanec"). [Dkt. 38]. Collectively, Hassett, Ponder, Bibb and Banzhaf are hereinafter referred to as "Management Officers & Directors" as well as the "Third-Party Defendants."

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

104439-001/2686608

2 of 5

4. On June 27, 2014, SBL filed its Amended Answer to First Amended Complaint; Amended Verified Derivative Counter and Third-Party Claim; and Verified Counterclaim. [Dkt. 119].

5. By Order dated November 21, 2014 [Dkt 150], the Court GRANTED Hodowanec's previously filed Motion to Dismiss. The Verified Derivative Counter & Third-Party Claim was dismissed as to him but was permitted to proceed against the Management Officers & Directors.

6. Thus, currently pending before the Court are direct claims HPEV has asserted against SBL, direct claims SBL has asserted against HPEV, and derivative claims SBL has asserted against the Management Officers & Directors.

## II.    SETTLEMENT

7. On or about January 28, 2015, the parties entered into a Settlement and Release Agreement ("January SRA"), which was intended to entirely dispose of the direct claims asserted by the parties against each other upon the purchase by HPEV and/or its designee of certain specified securities held by SBL on a date and at an amount specified by the parties in the SRA ("Settlement of Direct Claims"). Attached to the January SRA was a Derivative Action Settlement Agreement (the "DASA").

8. Pursuant to Section 1.1-1 of the January SRA, HPEV and/or its designee intended to purchase one hundred percent of all shares of common and preferred stock SBL owned in HPEV by payment of certain funds (the "Purchase Funds").

9. Pursuant to Section 1.1-4 of the January SRA, if the Purchase Funds were not provided to escrow by HPEV within a specified time frame, the January SRA was to terminate.

10. By Order dated February 20, 2015, the Court gave preliminary approval of the DASA "subject to receipt and consideration of any objections filed by non-party shareholders herein as well as HPEV providing the Purchase Funds to escrow as required by Section 1.1-1 of the SRA." [See Dkt. 167]. The Court also approved the form of Notice submitted by the parties and directed that it be sent to shareholders of record of HPEV within 10 days of the Order and set a deadline to file objections to the DASA of April 30, 2015. [Id.].

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

104439-001/2686608

3 of 5

### III. ACTIVITY SINCE ENTRY OF DKT 167

11. HPEV certifies to the Court that the approved Notice was sent to shareholders of record within 10 days of the Order.

12. Court records indicate that no objections to the DASA were filed with the Court as of April 30, 2015.

13. A dispute arose concerning the payment of the Purchase Funds to escrow within the time frame specified in the SRA, and the parties entered into negotiations concerning how to proceed. The result of the parties' negotiations was a new Settlement and Release Agreement dated and effective May 1, 2015 which eliminated the purchase requirement of the January SRA and recognized that the January SRA was not in effect (the "May SRA"). [See Exhibit A]. The May SRA was later amended by the First Amended Settlement Agreement (the "FASA"). [See attached Exhibit B].

14. Pursuant to the FASA, within ten (10) days of June 1, 2015, the parties were to seek the dismissal of this action, without prejudice, as to the direct claims of HPEV against SBL and SBL's direct claims against HPEV. Inadvertently, no stipulation to dismiss the direct actions has yet been filed with the Court.

15. There is no just cause for delaying the entry of an Order dismissing, without prejudice, the direct claims filed by HPEV against SBL and the direct claims asserted by SBL against HPEV.

16. The parties acknowledge that a Derivative Action Settlement Agreement was attached to the May SRA and FASA. For the avoidance of doubt, this Stipulation and Order to dismiss without prejudice does not address the derivative action SBL brought on behalf of HPEV stockholders (the "Derivative Claims") other than to acknowledge that SBL and HPEV agreed to take certain actions with regard to the Derivative Claims.

///
///
///
///

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

104439-001/2686608

17. It is currently anticipated that HPEV will file a motion or the parties will submit a stipulation addressing future procedures necessary and proper for the ultimate resolution of the Derivative Claims, which will comply with Fed.R.Civ.P. 23.1(c).

DATED this 28th day of August, 2015.   DATED this 28th day of August, 2015.

GORDON SILVER   MARQUIS AURBACH COFFING

/s/ Mark S. Dzarnoski   /s/ Vincent J. Vitatoe

MARK S. DZARNOSKI
Nevada Bar No. 3398
500 N. Rainbow Blvd., Suite 120
Las Vegas, NV 89107
Tel: (702) 796-5555
Attorneys for Plaintiff/Counterdefendant HPEV, Inc., and Third-Party Defendants Timothy J. Hassett, Quentin D. Ponder, Judson W. Bibb, and Theodore H. Banzhaf

TERRY A. COFFING
Nevada Bar No. 4949
VINCENT J. VITATOE
Nevada Bar No. 12888
10001 Park Run Drive
Las Vegas, NV 89145
Tel: (702) 382-0711
Attorneys for Defendant/Counterclaimant Spirit Bear Limited

**ORDER**

The Court, having reviewed the stipulation of the parties, and good cause appearing therefore,

IT IS HEREBY ORDERED as follows:

The direct claims filed by HPEV against SBL and the direct claims asserted by SBL against HPEV are hereby dismissed, without prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: September 1, 2015

Interwoven\4868287.1

104439-001/2686608

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555