GORDON SILVER
MARK S. DZARNOSKI
Nevada Bar No. 3398
Email: mdzarnoski@gordonsilver.com
500 N. Rainbow Blvd., Suite 120
Las Vegas, Nevada 89107
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Plaintiff/Counterdefendant HPEV, Inc., and Third-Party Defendants Timothy J. Hassett, Quentin D. Ponder, Judson W. Bibb, and Theodore H. Banzhaf

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HPEV, Inc., a Nevada corporation,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>SPIRIT BEAR LIMITED, a Delaware corporation,<br><br>　　　　　　　　Defendant. | CASE NO. 2:13-cv-01548-JAD-GWF<br><br>ORDER GRANTING STIPULATION TO WITHDRAW PEAK FINANCE'S OBJECTION TO DERIVATIVE ACTION SETTLEMENT; DIRECTING THE SETTLING PARTIES TO FILE A PROPOSED ORDER APPROVING THE DERIVATIVE ACTION SETTLEMENT UNDER FRCP 23.1(C); AND VACATING HEARING |
| SPIRIT BEAR LIMITED, a Delaware corporation, on behalf of HPEV, INC., a Nevada corporation,<br><br>　　　　　　　　Third-Party Plaintiff,<br><br>vs.<br><br>TIMOTHY J. HASSETT, QUENTIN D. PONDER, JUDSON W. BIBB III, THEODORE H. BANZHAF, AND MARK M. HODOWANEC,<br><br>　　　　　　　　Third-Party Defendants.<br><br>and<br><br>HPEV, INC., a Nevada corporation,<br><br>　　　　　　　　Nominal Counterdefendant. | |
| SPIRIT BEAR LIMITED, a Delaware corporation, | |

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

1 of 7

| | |
|---|---|
| 1 | Counterclaimant, |
| 2 | vs. |
| 3 | HPEV, INC., a Nevada corporation, ) |
| 4 | Counterdefendant. |
| 5 | |

6   COMES NOW (1) Plaintiff and Counterdefendant HPEV, INC ("Plaintiff", "HPEV" or the "Company"), and Third Party Defendants Timothy J. Hassett ("Hassett"), Quentin D. Ponder ("Ponder"), Judson W. Bibb ("Bibb"), Theodore H. Banzhaf ("Banzhaf") and Mark Hodowanec ("Hodowanec"), and together with Hassett, Ponder, Banzhaf and Bibb, collectively herein, the "Individual Defendants" or "Third-Party Defendants"), by and through counsel, Mark S. Dzarnoski, Esq., of the Law Firm of Gordon Silver; (2) Defendant Spirit Bear Limited ("Spirit Bear"), by and through counsel, Vincent J. Vitatoe, Esq., of the law firm of Marquis Aurbach Coffing; and (3) objector Peak Finance, LLC ("PEAK") by and through counsel, Stuart J. Guber, Esq., of the Law Firm of Faruqi & Faruqi, LLP and respectfully request that:

**A.**   The Court enter an Order permitting the withdrawal of PEAK's objection to final approval of the Derivative Action Settlement Agreement ("DASA"); and

**B.**   The Court determine whether to give final approval to the DASA without reference to the objection.

In support thereof, HPEV, the Third Party Defendants, Spirit Bear and PEAK submit the following:

**1.**   Spirit Bear and HPEV are parties to that certain Securities Purchase Agreement, dated as of December 14, 2012 (the "Purchase Agreement"), pursuant to which, among other things, Spirit Bear was issued preferred stock and warrants;

**2.**   A dispute arose between Spirit Bear and HPEV in connection with the Purchase Agreement and other matters involving the ongoing management and operations of HPEV (the "Spirit Bear Dispute");

**3.**   As a result of the Spirit Bear Dispute, litigation ensued, including derivative claims filed by Spirit Bear against certain directors and/or officers of HPEV, including the

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

1. Individual Defendants, (the "SBL Derivative Action") in HPEV, Inc. v. Spirit Bear Limited 13-cv-01548 (JAD) (GWF)(D. NEV.);

4. Spirit Bear, HPEV and the Third Party Defendants in the SBL Derivative Action entered into the DASA which agreement is subject to final approval of this Court;

5. On October 22, 2015, PEAK filed a Motion to Intervene in the SBL Derivative Action seeking, among other things, approval to file its own derivative complaint in the SBL Derivative Action;

6. At the November 20, 2015 fairness hearing in the SBL Derivative Action, the Court denied PEAK's Motion to Intervene;

7. At the November 20, 2015 fairness hearing, however, the Court did allow PEAK to formally argue its objections to the DASA and the Court ordered additional briefing on certain issues which has now been completed;

8. The Court has not yet ruled as to whether to approve the DASA;

9. On August 31, 2015, the Company received notice of a summons and complaint in the matter styled Peak Finance, LLC, Derivatively on Behalf of Nominal Defendant, HPEV, Inc. v. Hassett, et al., No. 2:15-cv-01590-GMN-CWH, filed in the United States District Court for the District of Nevada (the "Peak Finance Derivative Case");

10. On October 22, 2015, PEAK filed an amended complaint in the Peak Finance Derivative Case.

11. HPEV and the Individual Defendants in the Peak Finance Derivative Case, on November 9, 2015, filed a motion to dismiss the amended complaint filed by PEAK on October 22, 2015, which motion is pending before the United States District Court.

12. Since the briefing on the motion to dismiss in the Peak Finance Derivative Case was completed, the Parties therein have engaged in settlement negotiations involving both the claims raised therein and the objection filed to final approval of the DASA in this case.

13. PEAK, HPEV and the Individual Defendants have entered into a Settlement Agreement which, subject to obtaining the approval of the United States District Court in the Peak Finance Derivative Case, will result in the dismissal of that case and also calls for the

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

1  immediate withdrawal of the objection filed by PEAK in this case ("Peak Finance Settlement
2  Agreement").

3      **14.**    A true and correct copy of the Peak Finance Settlement Agreement is attached
4  hereto as Exhibit A.

5      **15.**    In its substantive terms, the Peak Finance Settlement Agreement closely parallels
6  the terms of the DASA. All derivative claims made in PEAK's amended complaint in the Peak
7  Finance Derivative Case are to be presented to the same Independent Directors Committee
8  ("IDC") established in the DASA. Exercising their sound business judgment, the IDC shall
9  determine the appropriate corporate response of HPEV to the claims raised in both the SBL
10 Derivative Action and the Peak Finance Derivative Case. The IDC shall exercise its business
11 judgment and take any appropriate responsive action including but not limited to (a) ratification
12 of any and all actions previously undertaken under the authority of the Management Directors;
13 (b) filing a lawsuit against any and all Management Officers & Directors setting forth similar or
14 identical claims as those set forth in the SBL Derivative Action and/or the Peak Finance
15 Derivative Case; (c) settling, with or without litigation, any and all claims HPEV may have
16 against any and all of the Individual Defendants on terms and conditions they deem in the best
17 interest of HPEV; and/or (d) taking such other action as they determine is in the best interest of
18 HPEV. For purposes of the withdrawal of its objection to the DASA in the SBL Derivative
19 Action and the proposed settlement in the Peak Finance Derivative Case, PEAK acknowledges
20 the independence and disinterestedness of the IDC members.

21     **16.**    The Peak Finance Settlement Agreement supplements the terms of the DASA in
22 providing PEAK, through its duly authorized representative(s), the opportunity to meet solely
23 with the IDC for no more than three and one-half hours in order that PEAK be able to make a
24 presentation solely to the IDC regarding the matters alleged in PEAK's amended complaint in
25 the Peak Finance Derivative Case as well as other potential derivative claims PEAK believes
26 may exist against HPEV's auditors and/or other third persons or entities.

27     **17.**    All Parties acknowledge that HPEV is in need of capital investment and that the
28 pending derivative actions have been detrimental in HPEV's ability to raise such additional

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

capital and that it is in the best interests of the Company and its shareholders for the Company to be able to access capital markets without the uncertainty created by multiple derivative actions.

18. No money, stock or other valuable consideration is being given or offered to PEAK as part of the Peak Finance Settlement Agreement or as part of the withdrawal of PEAK's objection to the DASA. Rather, in the best interests of the Company and its shareholders, PEAK shall have:

   a. the opportunity to possibly make an investment in the Company in exchange for some form of debt or equity or other consideration, terms to be negotiated;

   b. the opportunity to identify and aid in procuring new investors for the Company and to discuss possibly entering into an exclusive or non-exclusive financial development agreement, terms to be negotiated; and

   c. the opportunity to possibly enter into a business development agreement with HPEV.

19. The Parties represent and warrant to the Court that the request for withdrawal of PEAK's objection is not the product of fraud or overreaching by, or collusion between, the negotiating parties. Indeed, the Parties intend on submitting the Peak Finance Settlement Agreement to the United States District Court in the Peak Finance Derivative Case for preliminary and final approval, assuring that the proposed settlement itself is subject to court scrutiny. Withdrawal of the objection in the SBL Derivative Action, however, is not dependent upon the court in the Peak Finance Derivative Case approving the proposed settlement in that case.

///
///
///
///
///
///
///
///
///

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

20. It is in the interest of the fair and expeditious administration of justice for this Court to permit the withdrawal of PEAK's objection to the DASA and to have the Court determine whether to give final approval to the DASA without reference to the objection.

IT IS SO STIPULATED.

DATED this _20th_ day of April, 2016.   DATED this _20th_ day of April, 2016.

GORDON SILVER   MARQUIS AURBACH COFFING

/s/ Mark S. Dzarnoski   /s/ Vincent J. Vitatoe

---

MARK S. DZARNOSKI
Nevada Bar No. 3398
500 N. Rainbow Blvd., Suite 120
Las Vegas, Nevada 89107
Attorneys for Plaintiff/Counterdefenant HPEV, Inc., and Third-Party Defendants Timothy J. Hassett, Quentin D. Ponder, Judson W. Bibb, and Theodore H. Banzhaf

VINCENT J. VITATOE
Nevada Bar No. 12888
10001 Park Run Drive
Las Vegas, NV 89145
Attorneys for Defendants Spirit Bear Limited

FARUQI & FARUQI, LLP

/s/ Stuart J. Guber

---

Stuart J. Guber
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Attorneys for Peak Finance

## ORDER

The Court, having reviewed the stipulation of the parties and the Exhibits attached thereto, finds as follows:

1. There is no evidence that the withdrawal of PEAK's objection to the DASA is the product of fraud or collusion between the parties;

2. It is in the interest of the fair and expeditious administration of justice for this Court to permit the withdrawal of PEAK's objection to the DASA and to have the Court determine whether to give final approval to the DASA without reference to the objection.

///

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

THEREFORE, IT IS ORDERED ADJUDGED AND DECREED AS FOLLOWS:

PEAK's objection to the final approval of the DASA is hereby withdrawn and the Court shall determine whether to give final approval to the DASA without reference to the objection.

Having considered this proposed derivative action settlement and the agreement memorializing it under FRCP 23.1(c), and there being no objections, the court finds that the settlement is fundamentally fair, reasonable, and adequate to the company and its shareholders; and that it is not the product of fraud or overreaching by, or collusion among, the negotiating parties. The settling parties are directed to provide the court with a proposed order that includes findings of fact and conclusions of law by May 13, 2016.

IT IS FURTHER ORDERED that the continuation of the Final Fairness Hearing scheduled for 10:00 a.m. on April 22, 2016, is VACATED.

April 21, 2016

Jennifer Dorsey
United States District Judge

Gordon Silver
Attorneys At Law
500 N. Rainbow Blvd.
Suite 120
Las Vegas, NV 89107
(702) 796-5555

7 of 7