UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HPEV, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPIRIT BEAR LIMITED, *et al.*, <br><br> Defendants. | Case No. 2:13-cv-001548-JAD-GWF <br><br> **ORDER** |

This matter is before the Court on Marquis Aurbach Coffing's Motion to Withdraw as Counsel of Record, Adjudicate Attorney Lien, and Reduce Fees to Judgment (ECF No. 205), filed on June 19, 2019.

## **BACKGROUND**

This matter arises as a result of Plaintiff seeking declaratory relief as to a settlement agreement and allegations of intentional interference with prospective economic advantage. *See Complaint* (ECF No. 1). Spirit Bear Limited ("Spirit Bear") filed a third-party complaint against Plaintiff. *See* ECF No. 38. On May 2, 2016, the Court approved the derivative action settlement agreement and dismissed the derivative action. ECF No. 203. Marquis Aurbach Coffing ("MAC") requests leave to withdraw as counsel for Defendant/Third Party Plaintiff Spirit Bear because representation would result in an unreasonable financial burden to the movant.

Marquis Aurbach Coffing further requests that the Court adjudicate its attorney lien and reduce its fees and costs to judgment. Spirit Bear engaged MAC to represent it in this matter. Spirit Bear executed, and its president Jay Palmer signed, a fee agreement on May 18, 2015, which provided for attorney's fees in the amount of $375.00 per hour for Terry Coffing, Esq., $210 per hour for Vincent Vitatoe, Esq., and $155 per hour for work performed by law clerks or paralegals. *See* ECF No. 205, Exhibit 1. The fee agreement states as follows:

1

> Either party may terminate this Agreement by giving written notice to the other. In the event fees or costs are owing to MAC upon termination, Client agrees to pa MAC such fees upon termination and further agrees that MAC will have a lien on any and all claims or causes of action on which MAC was working; on all funds or property which has been or is later recovered; and on all files and work papers produced by MAC.

MAC requests the Court to adjudicate its attorney's lien for unpaid fees in the amount of $39,145.41 pursuant to Nevada Revised Statute ("NRS") 18.015.

## **DISCUSSION**

Nevada recognizes two kinds of attorney's liens: (1) a special "charging lien" and (2) a "retaining lien." *See* Nevada Revised Statute ("N.R.S.") § 18.015; *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish,* 216 P.3d 779, 784 (Nev.2009). A statutory "charging lien" attaches to the judgment or settlement that the attorney obtained for the client. N.R.S. § 18.015; *Figliuzzi v. Eight Judicial Dist. Court In and For County of Clark,* 890 P.2d 798, 801 (Nev.1995). By contrast, a "retaining lien" arises under common law and allows a discharged attorney to withhold the client's file and other property until the court, at the request or consent of the client, adjudicates the client's rights and obligations with respect to the lien. *Argentena Consol. Min. Co.,* 216 P. 3d at 784.

Before the Court can adjudicate a charging lien, the moving party must demonstrate that it has perfected its lien. N.R.S. 18.015(3); *Cohen v. Gold*, 2018 WL 1308945, at *3 (D. Nev. Mar. 12, 2018). N.R.S. 18.015(3) instructs that, to perfect a lien, an attorney must serve "notice in writing, in person or by certified mail, return receipt requested, upon his or her client...claiming the lien and stating the amount of the lien." MAC submits that its lien has been perfected by service of the notice of attorney lien on Plaintiffs. *See Motion* (ECF No. 205), 5. MAC, however, has not shown that it has properly perfected its lien pursuant to NRS 18.015(3). MAC provides no further information beyond a conclusory statement that its lien was "perfected by service of the Notice of Attorney Lien on Plaintiffs." The Court, therefore, denies MAC's request to adjudicate lien and reduce fees to judgment without prejudice.

**I.    Motion to Withdraw**

MAC requests withdrawal as counsel of record for Spirit Bear Limited. The movants substantially establish good cause for the withdrawal. Accordingly,

2

**IT IS HEREBY ORDERED** that Marquis Aurbach Coffing's Motion to Withdraw Counsel of Record, Adjudicate Attorney Lien, and Reduce Fees to Judgment (ECF No. 205) is **granted**, in part, and **denied**, in part according to the provisions herein.

**IT IS FURTHER ORDERED** that MAC's request to withdraw as counsel of record is **granted**.

**IT IS FURTHER ORDERED** that Spirit Bear Limited must retain new counsel if it intends to continue to litigate this matter. A corporation or limited liability company may appear in federal court only through licensed counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Spirit Bear shall have until **August 29, 2019**, to advise the Court if it will retain new counsel.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

1. Add the last known address of Spirit Bear Limited to the civil docket:

    **Spirit Bear Limited**
    **c/o Jay Palmer**
    **1470 First Avenue, No. 4A**
    **New York, NY 10075**

2. Serve Spirit Bear Limited with a copy of this order at its last known address listed above.

Dated this 29th day of July, 2019.

_____
GEORGE FOLEY, JR
UNITED STATES MAGISTRATE JUDGE